UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
(Respondent)

V.

MIGUEL A. CANALES-VILALONGO
(Petitioner)
(Defendant)

RECEIVED & FILED
2020 JUN -2 PM 3:34
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

CASE NO.: 13-130-(JAG)

---

MIGUEL A. CANALES-VILALONGO's EMERGENCY MOTION FOR
COMPASSIONATE RELEASE UNDER 18 U.S.C. §3582(c)(1)(A)

---

Submitted By:

MIGUEL A. CANALES-VILALONGO, PRO SE
FED No.: 71563-066
L.S.C.I. Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

## Factual Background

Petitioner has a pending motion before this Court, pursuant to a 2255(h)(2) seeking relief based on new case law(s) not available to him at the time of his sentencing. Petitioner challenges his Count 5 violation (crime of violence) claims using and carrying firearm (involving a conspiracy) during and in relations to a drug trafficking crime under 18 U.S.C. Section 924(c)(1)(A)(i) and 2. The record is clear that Petitioner received what would now be considered an illegal 60-months extra term of imprisonment that ran consecutively with Count 1 (drugs related) which carried 97-months; for a total of 157 months. Of great legal consequences; upon the removal of the crime of violence-charge of the 924(c), Petitioner would alone qualify for immediate release. Accordingly, had not Petitioner not been incorrectly charged (now based on new case laws stemming from (U.S. v. Davis) No 18431; Petitioner would also qualify for Early Home Confinement pursuant to the CARES Act. (See Attachment #1 the Warden's Reasons for Denying Petitioner's Request for Early Home Confinement)

## Medical (Remedy) History

Petitioner has exhausted all his remedies required by the BOP and the CARES Act (as well as the First Step Act of 2018). Mr. Vilalongo suffers from "Diabetes" (among other illnesses) (see Attachment #2 BOP Health Services Review/Report); that can cause severe bouts of pain, sneezing/coughing and fainting spells when not properly treated. This condition is listed on the CDC's List of illnesses that the BOP and Court's (Judge's) "MUST" consider for life saving measures (Home Confinement) relief due to the COVID-19 virus worldwide out-break.

## PRELIMINARY STATEMENT

Federal Inmate Miguel A. Canales-Vilalongo (Fed # 71563-066), through this Pro Se Petition, files this EMERGENCY MOTION, under 18 U.S.C. § 3582(c)(1)(A), for an ORDER Granting Petitioner "Compassionate Release" and directing him to serve the remainder of his prison sentence in home confinement with electronic monitoring and with permission to work with permission of Probation.

Mr. Vilalongo was sentenced to (157) months confinement, (8) years supervised release. He has served (   ) months of his sentence, with approximately (   ) months remaining. Given the recent pandemic, the high risk of infection within Federal Prisons, the inability to stop the spread of the virus within the inmate population as evidenced by the rapid increase infected inmates and inmate deaths, and Petitioner's susceptibility to infection due to his _____, it is likely that he will soon be exposed to the virus and become critically ill or die.

## EXHAUSTED REMEDIES

Petitioner has recently exhausted all his remedies required by the BOP and newly passed (by Congress) First Step Act of 2018 and the CARES ACT. (See Attachment #1, the denial issued by Warden "White" of Allenwood-Low). Petitioner suffers from _____ since childhood (see his PSR Report), that causes severe bouts of sneezing/coughing and shortening of breath. This condition is listed on the CDC's list of illnesses that the BOP and Court's (Judge's) are to consider for life saving relief due to the Covid-19 virus outbreak.

## Covid-19 Pandemic is Deadly

Covid-19 is referred to as a "novel coronavirus" because it is new, and as a new illness it is not long-studied or well understood; and has quickly become unprecedented in our lifetime. In fact, any pretention our nation has that we know or understand what will happened next, is belied by the events of the last few weeks. For example, the CDC itself has changed its recommendations to include wearing a face mask, and predictions of how long individuals need to stay at home to "flatten the curve" have evolved, at times, on an hourly basis. It is with this unprecedentedly deadly, disruptive, unknown and unpredictable virus as a backdrop that I implore this Court to grant compassionate release to Petitioner.

The combination of facts and circumstances outlined here comprised most respectfully, "Extraordinary and Compelling Reasons" for allowing Petitioner to serve the remainder of his prison sentence in home confinement. (See 18. U.S.C. § 3582(c)(1)(A)(i).

## Compassionate Release Statute

The [sentencing] Court may not modify a term of imprisonment once it has been imposed <u>except that</u> —

(1) in any case
  (A) the Court, upon motion of the Director of the BOP; or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from reciept of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervise release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
  (i) extraordinary and compelling reasons warrant such a reduction... ...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(4)

## THE BOP COMPLETE FAILINGS

A vast majority of Court's have rejected the BOP's claims that a defendant's failure to "suggest a life-threatening condition to support a claim that [§ 3582(c)(1)(A)'s] exhaustion requirements may be excused during this national [coronavirus] emergency"). (See U.S. v. Sloane, No. 19-cr-10117 (D. Mass.), ECF Doc. 647 (Mar. 19, 2020, Order).

The spread of the coronavirus has been exponential in the United States in the past few weeks, surpassing 50,000 deaths, with more than 1,112 residents of Pennsylvania (as of April 19, 2020) having died needlessly. Although the BOP has taken some measures to prevent and control the spread of Covid-19 amongst the prison population, those measures have been completely inadequate to protect prisoners from contracting the virus. Inmates live in "close living quarters" and thus "are especially vulnerable to Covid-19 and will need special attention both to minimize transmission risk and address their healthcare needs in the context of an outbreak." (See https://www.bop.gov/coronavirus/.) The risk to inmates is significantly higher than the risk to the general public due to the living quarters and the inability to control spread within those living quarters. Prisoners "also may not be able to regularly wash their hands, which may promote the spread of disease." (See 19_letter_from_public_health_and_legal_experts.pdf.)

The facts are undisputed that Petitioner is currently residing in his dorm at Allenwood Low in a 12' x 12' cubicle with at least two other people. Sleeping spaces within that cubicle are separated by only a few feet. Approximately two hundred (plus) men are sharing five to six functioning toilets. Access to cleaning supplies is limited, thus these circumstances do not permit for proper social distancing or proper hand washing. Even the computer and phone stations are within one foot of one another and within six feet of one another as they wait in line for their turn to use the computer or phone.
(See https://www.usatoday.com/story/news/politics/2020/03/26/jails-free-hundreds-prisoners-stop-coronavirus/5077204002/.

---

(Note!) Petitioner has been forced to hand write this motion because the BOP staff has refused to provide typewriters to the inmates!

Whatever precautions the BOP has or will have in place, it is inevitable that every inmate at Allenwood Low will come into close contact with BOP staff, other inmates, and surfaces/objects touched by BOP staff and other inmates. Allowing Petitioner to serve the remainder of his prison sentence in Home Confinement, where he will isolate himself, in case he has been exposed, while following all CDC recommendations for social distancing, covering faces and hand hygiene will reduce the risk he becomes infected with Covid-19 and increase the chances that he can contribute to a treatment by not getting sick.

Courts around the country are heeding the Attorney General's advice and releasing inmates based on this public health crisis of the Covid-19 Pandemic. (See Xochihua v. Barr, No. 18-71460 (9th Cir Mar. 23, 2020). The court found (ruled) despite the fact that an inmate may not be in a high-risk category for death from Covid-19 as per the CDC guidelines, Covid-19 has claimed the lives of people from every age and health category. From mild cases that do not require hospitalization to strokes; even the CDC guidelines of social distancing, isolation and hand washing have proven insufficient and vastly is simply not possible in a prison environment no matter what steps the BOP takes because at Allenwood Low and many other facilities, too many people are living in too close proximity to one another to be able to prevent the infestation of the facility by the virus. (See U.S. v. Copeland, No. 2:05-CR-135-DCN (D.S.C. Mar. 24, 2020).

Simply put, Petitioner faces possible, even likely infection, and potential death in prison due to his underlying severe health issues.[1] Petitioner's illnesses cause sneezing, coughing and itchy eyes (just to name a few here); which results in more frequent contact between hands and face, which increases contact between hand and face opportunities for the virus to infiltrate your body and cause illness(es). This risk can be mitigated by release to strict home confinement and better isolation (at home).

---

Footnote: (1) Petitioner's health issues consist of the following: see Attachment #2 for the list of health issues

These are compelling and exceptional circumstances. As Petitioner sits in prison fearing the moment the pandemic infiltrates the prison and face a unnecessary risk of a severe deadly illness as a part of his consequence/punishment is disproportionate to his crimes, especially given the nature and (newly formulated) characteristics of the offense.

Finally [In sum]; As Reported by the CDC, inmates face a high-risk of contracting the virus. (See https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html.) Accordingly, medical treatment capacity is not at the same level in a correctional setting as it is in a hospital. Reports have also shown that the BOP has not even been observing the CDC's recommendations on the coronavirus. (See https://www.themarshallproject.org/2020/04/03/federal-prisons-agency-put-staff-in-harm-s-way-of-coronavirus.)

Allowing Petitioner to serve the remainder of his prison sentence in home confinement, where he will isolate himself, will best ensure that he will not get infected with the coronavirus. (See U.S. v. Resnick, No. 14-CR-810, 2020 WL 1651508, at 8 (S.D.N.Y. Apr. 2 2020); where the Court found that, [Mr. Resnick's] "environment [at home] will be significantly better than the BOP facility, where despite the prison walls, and where access to PPE for inmates is essentially non-existent"

## III. Emergency Relief Requested

Because recently, Allenwood-Low have begun recieving inmates from other institutions that had the Covid-19 virus. Accordingly, other inmates at Allenwood has begun to be released with the same medical issues to avoid being terminally affected.

I believe that my life is in danger to the point it would affect my health to death as I run the extreme risk of failure of health that the Covid-19 virus would fatally affect my heart and lungs, that will easily trigger a respiratory failure due to my failing health.

Petitioner has been on quarintine for more then the required (14) days (and counting) at the Allenwood-Low facility, due to the fact officer's have contracted the virus; and for the supposed protection of safety; However, Just recently the officer's here has began suing the BOP for lack of safety material's and claim that their health and safety is in serious and critical danger and now guards are refusing to come to work as a life saving measures for themselves. (2)

This behavior leaves everyone here at this institution to conclude that its only a matter of time before the virus reaches deaths door for the elderly and most vulnerable such as myself and other's that has just be granted release. Of note; two of the few individual's had violent crimes such as Arsen and Rico Conspiracy; and yet due to the conditions and avoidance to disclose the true issues here at Allenwood-Low, Court's have correctly erred on the side of caution and granted immediate release to home confinement with no (14) day holds to be certain those who did not recieve life sentences; Don't die in prison due to the Covid-19 virus and the complete lack of care and proper administrative oversight by the BOP staffer's and such (AG) Barr has actively issued a task force to expedite relief for inmates such as myself.

---

Footnote (2): (see https://www.pennlive.com/coronavirus/2020/03/one-of-32-federal-inmates-transferred-to-allenwood-complex-tested-for-coronavirus.html.)

(8)

## THE §3553(A) FACTORS FAVOR COMPASSIONATE RELEASE

There is little to no likelihood that Petitioner will commit another crime, especially if he will be in home confinement and subject to GPS monitoring and supervised release. (see 18 U.S.C. §3553(A)(2)(B)-(C). Granting Petitioner compassionate release based on the Coronavirus Pandemic, as he still faces serious consequences. Accordingly, Petitioner has program extremely well while showing to be a leader when mentoring other inmates by his hard work attitude and his willingness to share with all that would listen about how much he has changed.

## AFFIDAVIT

I Hereby Certify that the foregoing facts are true and correct to the best of my knowledge and belief under penalty of perjury as per 28 USC Section 1746.

*Miguel Canales Villalongo*
MIGUEL CANALES-VILLALONGO, PRO SE

## CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the foregoing Petition/Motion was mailed on this 27th day of MAY, 2020, by First Class Mail, postage prepaid to:

Office of the US Attorney
Alberto R. Lopez-Rochfort
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR. 00918

*Miguel Canales Villalongo*
MIGUEL CANALES-VILLALONGO, PRO SE