UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>       Plaintiff<br><br>              v.<br><br>**MIGUEL A CANALES-VILLALONGO**<br><br>       Defendant | **Criminal No. 13-00130-001 (JAG)** |

MOTION IN COMPLIANCE

**TO THE HONORABLE JAY A. GARCIA-GREGORY,
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO**

COMES NOW, DENI RODRIGUEZ, U.S. PROBATION OFFICER OF THIS HONORABLE COURT, and respectfully submits as follows:

On September 29, 2015, the defendant Miguel Canales-Villalongo was sentenced to 97 months of imprisonment as to Count One, which charged him with violating 21 U.S.C. §§ 846, 841(b)(1)(B) and 860: Conspiracy to possess with intent to distribute at least 2 but less than 3.5 kilograms of cocaine within a protected location; and 60 months of imprisonment, to be served consecutively, as to Count Five which charged him with violating 18 U.S.C. 924(c)(1)(A); Possession of a firearm in furtherance of a drug trafficking crime.  His total sentence was 157 months of imprisonment followed by 8 years of supervised release.  Mr. Canales is serving his sentence at FCI Allenwood Low in Allenwood,

PA.  His projected date for release from confinement is August 31, 2025.

On June 2, 2020, Mr. Canales filed a Motion for Compassionate Release from Custody and Home Confinement placement at docket number 1291.  He claimed that he suffers from diabetes, asthma and sinus allergies; conditions that put his life at risk if he contracts COVID-19.  He also indicated that the Warden at FCI Allenwood denied his petition for compassionate release.

Mr. Canales cited the effects of the COVID-19 Pandemic on the federal inmate population, specifically at FCI Allenwood and based on the totality of the circumstances placing him in home confinement was a reasonable remedy for the Court.

Mr. Canales submitted in his motion for consideration of compassionate release that the Warden at FCI Allenwood denied his request after a comprehensive review of Mr. Canales' circumstances.  Mr. Canales submitted a portion of the Warden's conclusion that Mr. Canales was not eligible for home confinement placement because the violent nature of his offense of conviction and his prior violent offenses convictions.

As verified by the BOP Inmate Profile Database(SENTRY), at FCI Allenwood, to this date, Mr. Canales has not formally requested consideration for compassionate release to the BOP. Furthermore, he has not filed any administrative remedy request.

Mr. Canales has not exhausted his administrative requirements under 18 U.S.C.§ 3582(c)(1)(A). Nevertheless, he argued that the Court may ignore the exhaustion requirement considering the crisis presented by the coronavirus pandemic.

While judicially created exhaustion requirements may sometimes be excused, it is settled that a court may not ignore a statutory command such as that presented in § 3582(c)(1)(A). *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992) *and Ross v. Blake*, 136 S. Ct. 1850 (2016)

In view of these circumstances, it is the probation officers position that the Court should deny the Motion for Compassionate Release without prejudice because Mr. Canales has not exhausted administrative remedies. The Court lacks authority to act on Mr. Canales' motion for a sentence reduction at this time. Pursuant to 18 U.S.C. § 3582(c), a request for a sentence reduction must be presented first to BOP for its consideration; only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction in Court. That restriction is mandatory, and it continues to serve an important function during the present crisis.

**WHEREFORE**, in view of these circumstances, the undersigned U.S. Probation Officer respectfully submits that Mr. Canales' Motion for Compassionate Release is not warranted at this time.

**I HEREBY CERTIFY** that on June 11, 2020, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the corresponding parties and to the defendant by mail.

In San Juan, Puerto Rico, June 15, 2020.

Respectfully submitted,

LUIS O. ENCARNACION CANALES, CHIEF
U.S. PROBATION OFFICER

*s/ Deni Rodriguez*
Deni Rodriguez
U.S. Probation Officer
U.S. Federal Bldg. & Courthouse
150 Carlos Chardón Ave., Ste. 400
San Juan, P.R.  00918-1741
Tel. 787-281-1595
deni_rodriguez@prp.uscourts.gov

Reviewed and approved:

***s//Victor Carlo-Chevere***


Víctor Carlo, Supervisory
U.S. Probation Officer

[4]